UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:09-cv-4220 |
| ) | |
| DENNIS CRANE, in his official capacity ) | |
| as Sheriff for Callaway County, ) | |
| Missouri; ) | |
| ) | |
| ROBERT STERNER, in his official ) | |
| capacity as Prosecuting Attorney for ) | |
| Callaway County, Missouri; and ) | |
| ) | |
| CHRIS KOSTER, in his official capacity ) | |
| as Attorney General for the State of ) | |
| Missouri; and ) | |
| ) | |
| JAMES F. KEATHLEY, in his official ) | |
| capacity Superintendent of the ) | |
| Missouri State Highway Patrol; ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### INTRODUCTION

1. Plaintiff is a Missouri resident who is required to register as a sexual offender based on misdemeanor convictions entered prior to August 28, 2008.

2. The lawsuit challenges the application of R.S.Mo. § 589.426, which became effective August 28, 2008, to Plaintiff. If enforced by Defendants, the statute would require Plaintiff to do the following on October 31 of every year:

  A. "Avoid all Halloween-related contact with children;"

  B. "Remain inside his or her residence between the hours of 5 p.m. and 10:30 p.m. unless required to be elsewhere for just cause, including but not limited to, employment or medical emergencies;"

  C. "Post a sign at his or her residence stating, 'No candy or treats at this residence'; and"

  D. "Leave all outside residential lighting off during the evening hours after 5 p.m." R.S.Mo. § 589.426.

3. As a result of the lack of clarity about what activities are prohibited by the statute, Plaintiff reasonably fears that if R.S.Mo. § 589.426 is permitted to be enforced against him, he will be subjected to arbitrary and discriminatory enforcement for actions or inactions that they did not reasonably know would violate the law. In addition, Plaintiff submits that as applied to Plaintiff the challenged statute violates the rights guaranteed to them by the United State Constitution and the Missouri Constitution.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1342, 1367, 2201 and 42 U.S.C. § 1983.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

6. Divisional venue is proper in the Central Division pursuant to Local Rule 3.2(a)(2).

## PARTIES

7. John Doe[1] is a Missouri resident who was convicted prior to August 28, 2008, of misdemeanor offenses that requires him to register as sexual offender pursuant to R.S.Mo. § 589.400. He is a resident of Callaway County.

8. Defendant Dennis Crane is the Sheriff for Callaway County, Missouri. He is sued solely in his official capacity. He is responsible for enforcing Missouri criminal statutes, including R.S.Mo. § 589.426, within Callaway County, where Plaintiff resides. Upon information and belief, he resides in Callaway County.

9. Defendant Robert Sterner is the Prosecuting Attorney for Callaway County. He is responsible for commencing and prosecuting all criminal actions, including violations of R.S.Mo. § 589.426, within Callaway County. Upon information and belief, he resides in Callaway County. He is sued solely in his official capacity.

10. Defendant Chris Koster is the Attorney General of the State of Missouri and is sued solely in his official capacity. Koster is the State's chief law enforcement officer and is charged with instituting any proceedings necessary to enforce state statutes. R.S.Mo. § 27.060. The Attorney General is also authorized to aid prosecutors when so directed by the Governor and to sign indictments when directed by the court. R.S.Mo. § 27.030. His primary office is located in Cole County, Missouri.

11. Defendant James F. Keathley is the Superintendent of the Missouri Highway Patrol. He is sued solely in his official capacity. As

---

[1] John Doe is a pseudonym. Plaintiff has filed a motion for leave to proceed under a pseudonym.

superintendent of a statewide law-enforcement agency, he is responsible for the enforcement of R.S.Mo. § 589.426 against persons who come into contact with the Missouri Highway Patrol.

**STATUTE AT ISSUE**

12. R.S.Mo. § 589.426, entitled "Registered sexual offender, Halloween-related activities," provides:

    1. Any person required to register as a sexual offender under sections 589.400 to 589.425 shall be required on October thirty-first of each year to:

        (1) Avoid all Halloween-related contact with children;

        (2) Remain inside his or her residence between the hours of 5 p.m. and 10:30 p.m. unless required to be elsewhere for just cause, including but not limited to, employment or medical emergencies;

        (3) Post a sign at his or her residence stating, "No candy or treats at this residence"; and

        (4) Leave all outside residential lighting off during the evening hours after 5 p.m.

    2. Any person required to register as a sexual offender under sections 589.400 to 589.425 who violates the provisions of subsection 1 of this section shall be guilty of a class A misdemeanor.

4

## COUNT I

*Violation of Due Process Clause of the Fourteen Amendment – Inadequate Notice*

13. Plaintiff incorporates each of the allegations contained in paragraphs 1-12 as if each were set forth here verbatim.

14. Plaintiff and other persons of reasonable intelligence do not have an understanding of several terms in the statutes, including what constitutes "avoid," "Halloween-related contact," or "just cause," within the context of the challenged statute.

15. R.S.Mo. § 589.426 is so vague as to fail to provide fair notice or warning of what would constitute a violation.

16. In addition or in the alternative, R.S.Mo. § 589.426 fails to define the criminal offense it creates with sufficient definiteness that ordinary people can understand what conduct is prohibited.

17. In addition or in the alternative, R.S.Mo. § 589.426 fails to establish minimal guidelines to govern law enforcement so as to prevent arbitrary and discriminatory enforcement.

## COUNT II

*Violation of Ex Post Facto Clause, U.S. Const. Art. I, Sec. 10*

18. Plaintiff incorporates each of the allegations contained in paragraphs 1-12 as if each were set forth here verbatim.

19. R.S.Mo. § 589.426 imposes additional punishment upon Plaintiff for a crime that were committed before R.S.Mo. § 589.426's enactment.

5

## COUNT III

### *Violation of Fifth Amendment – Privilege against Self-Incrimination*

20. Plaintiff incorporates each of the allegations contained in paragraphs 1-12 as if each were set forth here verbatim.

21. R.S.Mo. § 589.426 requires Plaintiff provide "just cause" for being absent from his home from 5:00 p.m. to 10:30 p.m. on October 31. This shifts the burden of providing a "just cause" reason for absence to the Plaintiff, which requires him to speak against his own penal interests in order to avoid arrest.

## COUNT IV

### *Violation of Fourteenth Amendment – Right to Travel*

22. Plaintiff incorporates each of the allegations contained in paragraph 1-12 as if each were set forth here verbatim.

23. R.S.Mo. § 589.426 requires Plaintiff to remain in his home from 5:00 p.m. to 10:30 p.m. on October 31, which impedes his right to travel interstate and intrastate on that day each year, and affects the right to interstate travel on that day and surrounding days each year.

## COUNT V

### *Violation of Missouri Constitution, Art. 1, § 13*

24. Plaintiff incorporates each of the allegations contained in paragraphs 1-12 as if each were set forth here verbatim.

25. Missouri's Constitution provides, "that no ... law ... retrospective in its operation ... can be enacted." Mo. Const. art I, § 13.

26. R.S.Mo. § 589.426 imposes an affirmative obligations on Plaintiff to each October 31 do each of the following (1) Avoid all Halloween-related contact with children; (2) Remain inside her residence between the hours of 5 p.m. and 10:30 p.m. unless required to be elsewhere for just cause, including but not limited to, employment or medical emergencies; (3) Post a sign at her residence stating, "No candy or treats at this residence"; and (4) Leave all outside residential lighting off during the evening hours after 5 p.m.

27. The obligations created by R.S.Mo. § 589.426 are new duties imposed as a result of Plaintiff's criminal conviction.

28. R.S.Mo. § 589.426 was enacted after the conviction of Plaintiff that gives rise to the duty undertake the affirmative duties.

WHEREFORE, the Plaintiff prays this Court:

A. Enter declaratory judgment that R.S.Mo. § 589.426 violates the Constitution of the United States and the Missouri Constitution, as applied to Plaintiff;

B. Issue a temporary restraining order and preliminary and permanent injunctions enjoining enforcement R.S.Mo. § 589.426 against Plaintiff;

C. Award Plaintiff his costs, including reasonable attorneys fees, pursuant to 42 U.S.C. §1988; and

D. Allow such other and further relief to which Plaintiff may be entitled.

7

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT #44827
American Civil Liberties Union of Eastern Missouri
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
FAX: (314) 652-3112
E-Mail: tony@aclu-em.org


David C. Nelson[2]
NELSON AND NELSON
420 N. High Street
P.O. Box Y
Belleville, IL 62222
618-277-4000
Fax: 618-277-1136
Email: dnelson@nelsonlawpc.com

ATTORNEYS FOR PLAINTIFF

---

[2] Motion to appear *pro hac vice* pending.