# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 09-cv-04220-NKL |
| DENNIS CRANE, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Plaintiff John Doe claims that, as applied to him, Section 589.426 of the Missouri Revised Statutes violates the Missouri Constitution as well as the Constitution of the United States. The issue of whether Section 589.426 violates the Missouri Constitution is pending before the Supreme Court of Missouri, docketed as *State of Missouri v. Charles A. Raynor*, No. SC90164. Before the Court are the Motion to Stay Proceedings filed by Defendants Chris Koster, Attorney General of Missouri, and James Keathley, Superintendent of the Missouri State Highway Patrol [Doc. # 12], and Plaintiffs' Motion for Temporary Restraining Order [Doc. # 5]. For the following reasons, the Court grants the motion to stay and grants in part the motion for temporary restraining order.

Defendants Chris Koster, Attorney General of Missouri, and James F. Keathley, Superintendent of the Missouri State Highway Patrol, request an Order staying further proceedings in this matter under the *Pullman* abstention doctrine pending a decision by the

Missouri Supreme Court in *State of Missouri v. Charles A. Raynor*, No. SC90164. The United States Court of Appeals for the Eighth Circuit has explained:

> Pullman abstention requires consideration of (1) the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly susceptible to an interpretation that would avoid any federal constitutional question; and (5) whether abstention will avoid unnecessary federal interference in state operations.

*Beavers v. Arkansas State Bd. of Dental Examiners*, 151 F.3d 838, 841 (8th Cir. 1998). While, as discussed below, the rights sought to be protected in this case are significant, all other factors weigh in favor of abstention where the Missouri state law issue key to Plaintiff's claims is pending before the Missouri Supreme Court. As such, abstention is appropriate.

Plaintiff requests a temporary restraining order ("TRO") which: prohibits Defendants, and all persons acting in connection with them, from enforcing, threatening to enforce, prosecuting, or continuing to prosecute alleged violations of Section 589.426; and waives bond. The Court may enter a TRO even where it abstains under the *Pullman* doctrine. *Planned Parenthood v. Nixon*, 428 F.3d 1129 (8th Cir. 2005).

In considering whether to issue a temporary restraining order, the Court must weigh Plaintiff's probability of success on the merits, the threat of irreparable harm to Plaintiff absent the injunction, the balance between this harm and the injury that the injunction's issuance would inflict upon Defendants, and the public interest. *See Dataphase Sys., Inc. v. CL Systems, Inc.,* 640 F.2d 109, 114 (8th Cir.1981); *see also Phelps-Roper v. Nixon*, 545

F.3d 685, 689-90 (8th Cir. 2008). As discussed in Plaintiff's motion, precedent from the Supreme Court of Missouri and other Missouri courts demonstrates a substantial likelihood that the Supreme Court of Missouri will strike down as unconstitutional portions of Section 589.426 relating to individuals convicted prior to its enactment. *See generally Doe v. Phillips*, 194 S.W.3d 833, 849-51 (Mo. 2006); *State of Missouri v. Raynor,* No. 08U1-CR01062 (April 23, 2009) (finding, in the circuit court of Audrain County, Missouri, Section 589.426 unconstitutional under the Missouri Constitution because the statute operates retrospectively). Plaintiff is threatened with irreparable harm through home confinement and separation from his child forced by the threat of prosecution under the statute. Plaintiff has agreed to reveal his identity to Defendants and law enforcement officials as necessary to comply with any order this Court may enter; any potential risk to children is de minimus given that Plaintiff will have been identified and, therefore, law enforcement may otherwise protect against such risk. As to the public interest, "It is always in the public interest to protect constitutional rights." *Phelps-Roper v. Nixon*, 509 F.3d 480, 485 (8th Cir. 2007).

The Court finds that, provided Plaintiff reveals his true identity to Defendants, entry of a TRO is appropriate. However, where there is no indication that the Attorney General has enforcement authority regarding Section 589.426, and no indication that either the Governor or a trial court has directed the Attorney General to assist local law enforcement, entry of a TRO is not proper as to the Attorney General. *Planned Parenthood v. Nixon*, 428 F.3d 1129 (8th Cir. 2005).

3

Accordingly, it is hereby ORDERED that Defendant's Motion to Stay Proceedings [Doc. # 12] is GRANTED: this matter is stayed on the merits pending resolution of the state law issue by the Missouri Supreme Court.

It is further ORDERED that Plaintiffs' Motion for Temporary Restraining Order [Doc. # 5] is GRANTED IN PART: Plaintiff shall identify himself in a sealed filing with this Court; within four hours of Plaintiff doing so, Defendants and all persons acting in connection with them, other than the Attorney General, are enjoined from enforcing, threatening to enforce, prosecuting, or continuing to prosecute alleged violations of Section 589.426 against Plaintiff; Defendants may reveal Plaintiff's identity to law enforcement officials as necessary to comply with this Order; bond is waived.

        s/ Nanette K. Laughrey
        NANETTE K. LAUGHREY
        United States District Judge

Dated: October 31, 2009
Jefferson City, Missouri