# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-4220-CV-C-NKL |
| | ) | |
| DENNIS CRANE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff John Doe ("Doe") claims that, as applied to him, Section 589.426 of the Missouri Revised Statutes ("R.S.Mo. § 589.426") violates the Missouri constitution as well as the Constitution of the United States. He brings this action against the following: Dennis Crane, in his official capacity as Sheriff of Callaway County; Robert Sterner, in his official capacity as prosecuting attorney of Callaway County; Chris Koster, in his official capacity as Attorney General of the State of Missouri; and James Keathley, in his official capacity as Superintendent of the Missouri Highway Patrol.[1] Before the Court are the Motion to Dismiss [Doc. # 30] of Defendants James Keathley and Chris Koster (the "Moving Defendants") and Doe's Motion for Summary Judgment [Doc. # 31.]. For the following reasons, the Court grants the Moving Defendants' motion to dismiss; the Court does not reach Doe's motion for summary judgment.

---

[1] Defendant Keathley was named in this lawsuit in his official capacity as Superintendent of the Missouri State Highway Patrol. Effective March 1, 2010, Col. Ronald K. Repogle became the current Superintendent of the Missouri State Highway Patrol.

**I.    Background**

On October 23, 2009, Doe filed a Complaint challenging the Constitutionality of R.S.Mo. § 589.426 on various grounds.  R.S.Mo. § 589.426, titled "Registered sexual offender, Halloween-related activities," provides:

> 1. Any person required to register as a sexual offender under sections 589.400 to 589.425 shall be required on October thirty-first of each year to:
>
> (1) Avoid all Halloween-related contact with children;
>
> (2) Remain inside his or her residence between the hours of 5 p.m. and 10:30 p.m. unless required to be elsewhere for just cause, including but not limited to employment or medical emergencies;
>
> (3) Post a sign at his or her residence stating, "No candy or treats at this residence"; and
>
> (4) Leave all outside residential lighting off during the evening hours after 5 p.m.
>
> 2. Any person required to register as a sexual offender under sections 589.400 to 589.425 who violates the provisions of subsection 1 of this section shall be guilty of a class A misdemeanor.

Mo. Rev. Stat. § 589.426.  The R.S.Mo. § 589.426 became effective on August 28, 2008.

Doe is required to register in Missouri as a sex offender.  His conviction was entered prior to August 28, 2008.  He alleges that R.S.Mo. § 589.426 violates the Constitution of the United States and its Amendments in various ways (Counts I-IV) and violates the Missouri constitution's prohibition against retrospective laws (Count V).  Doe seeks a declaratory judgment that R.S.Mo. § 589.426 violates the United States Constitution and the Missouri constitution; he also sought a temporary restraining order, and seeks a permanent injunction as well as costs, attorney fees, and such other relief as to which he may be entitled.

### A. The *Raynor* Case and *F.R.* Decision

When Doe filed his Complaint, the matter of *State of Missouri v. Raynor*, Appeal No. SC 90164 (Mo.), was pending before the Supreme Court of Missouri. That case concerned whether R.S.Mo. § 589.426 could be applied to persons who, like Doe, were required to register in Missouri as sex offenders based on convictions entered prior to the effective date of R.S.Mo. § 589.426 – August 28, 2008. On October 30, 2009, this Court (1) stayed the matter under the Pullman abstention doctrine pending resolution of *Raynor* by the Supreme Court of Missouri and (2) granted Doe's motion for a temporary restraining order. [Doc. # 22].

On January 12, 2010, the Supreme Court of Missouri decided *Raynor*, in combination with another case, under the name *F.R. v. St. Charles County Sheriff's Department*, 301 S.W.3d 56 (Mo. 2010) (en banc). The *F.R.* court tailored its opinion toward addressing the facts of Raynor's case, rather than toward making broad pronouncements about R.S.Mo. § 589.426. *Id.* at 61. The *F.R.* court noted that the Missouri constitution prohibits a law that is "retrospective in its operation" – *i.e.*, a law that "creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past." *Id.* (citation omitted). Such transactions include convictions. *Id.* The *F.R.* court stated, "a subsequent law that requires a sex offender to do something – with a criminal penalty for not doing what the new law requires – is the imposition of a new obligation or duty imposed solely as a result of the pre-[R.S.Mo. § 589.426] conviction*." Id.* at 62 (noting that criminal penalties are not required for a showing that a law is retrospective). The *F.R.* court

considered that, "when Raynor was convicted in 1990, there was no law requiring him to put up a sign and forbidding him from going outdoors, turning on outdoor lights or handing out candy on Halloween." *Id.* at 61. The *F.R.* court emphasized that the sole reason for imposing the obligations of R.S.Mo. § 589.426 on Raynor was his prior sex offense conviction. *Id.* at 63-64. "Because Raynor was convicted and sentenced before R.S.Mo. § 589.426 was enacted," the *F.R.* court concluded that applying the statute to Raynor would constitute a retrospective application of R.S.Mo. § 589.426 in violation of Article I, Section 13, of the Missouri constitution. *Id.* at 58, 61, 66 The *F.R.* court held that R.S.Mo. § 589.426 is unconstitutionally retrospective in its application to Raynor. *Id.* at 59.

## II.    Discussion

### A.    Moving Defendants' Motion to Dismiss

The Moving Defendants assert that the Court should dismiss this case for two reasons. First, the Moving Defendants argue that *F.R.* leaves Doe's claims moot. Second, they argue that Doe is without standing.

As to the Moving Defendant's first argument, cases initially involving actual controversies may become moot by virtue of subsequent events. *Flittie v. Erickson*, 724 F.2d 80, 81 (8th Cir. 1983). The party asserting mootness has the "heavy burden of persua[ding] the court that the challenged conduct cannot reasonably be expected to start up again." *Friends of the Earth v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal punctuation omitted). Pending claims generally become moot when challenged conduct ceases and there is no reasonable expectation of repetition of the wrong, such as

4

where any imminent threat of prosecution has ceased. *Missouri Prot. & Advocacy Servs, Inc. v. Carnahan*, 499 F.3d 803, 811 (8th Cir. 2007) (finding mootness when there was no reasonable chance of prosecution under a challenged statute because the plaintiff's rights had been preserved by a court order allowing him to engage in the conduct at issue)*; Republican Party of Minn., Third Congressional Dist. v. Blobuchar*, 381 F.3d 785, 791 (8th Cir. 2004) (finding moot an as-applied challenge to a statute where charges against the party who was actually prosecuted had been dropped and there was no imminent threat that others would be prosecuted). Where a defendant voluntarily ceases a challenged practice, federal courts retain the power to determine the legality of a challenged practice "unless it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citing *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 (2001)).

The Moving Defendants state that *F.R.* held that R.S.Mo. § 589.426 cannot be applied to any individual required to register as a sex offender if that individual was convicted prior to August 28, 2008. The *F.R.* case ruled on a challenge that R.S.Mo. § 589.426 violated the Missouri constitution as to Raynor. "If an as-applied challenge is successful, the statute may not be applied to the challenger, but is otherwise enforceable.*" Republican Party of Minn., Third Congressional Dist. v. Blobuchar*, 381 F.3d 785, 790 (8th Cir. 2004). Thus, R.S.Mo. § 589.426 remains enforceable.

However, if there is no reasonable expectation that R.S.Mo. § 589.426 will be applied to Doe in the wake of *F.R.*, his case is nevertheless moot. *See Missouri Prot. & Advocacy*

5

*Servs, Inc.,* 499 F.3d at 811. While *F.R.* addressed an as-applied challenge, its language indicates that its holding extends to those whose prosecutions under R.S.Mo. § 589.426 would be based on convictions which occurred prior to August 28, 2008. The *F.R.* court found that R.S.Mo. § 589.426 was unconstitutional as applied to Raynor because he was convicted prior to August 28, 2008. Likewise, Doe was convicted prior to August 28, 2008. As the Moving Defendants admit, there is no basis for distinguishing Doe's case from Raynor's when it comes to application of R.S.Mo. § 589.426, and the statute cannot legally be applied to Doe. There is no indication that Doe has been threatened with prosecution or is otherwise under an imminent threat of prosecution. Although Defendants would not make such a concession when the Court was considering the temporary restraining order in this case, after *F.R.* and at oral argument on the motion to dismiss, all Defendants confirmed that they will not seek to prosecute or enforce R.S.Mo. § 589.426 as to Doe based on his conviction from before August 28, 2008. Doe's claims are now moot and for that reason Defendants' Motion to Dismiss is granted as to all remaining issues before the Court.

**B.     Doe's Motion for Summary Judgment**

Because the case is moot, the Court does not reach Doe's motion for summary judgment.

## III. Conclusion

Accordingly, it is hereby ORDERED that the Moving Defendants' Motion to Dismiss [Doc. # 30] is GRANTED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: May 28, 2010  
Jefferson City, Missouri